UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK, N.A., | Case No. 2:15-cv-01153-APG-GWF |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| WOODCHASE CONDOMINIUM HOMEOWNERS ASSOCIATION and JASON EDINGTON, | (ECF No. 17) |
| Defendants. | |

This is a dispute over property located at 555 Patriot Boulevard in Reno. Plaintiff U.S. Bank held a senior deed of trust encumbering the property and intends to foreclose because the former owner has stopped making mortgage payments. However, defendant Woodchase Condominium Homeowners Association previously foreclosed on a homeowners association ("HOA") lien after the property owner did not pay her HOA assessments. Woodchase purchased the property at the HOA foreclosure sale and then quitclaimed the property to defendant Jason Edington. U.S. Bank seeks to quiet title to the property, contending that the HOA foreclosure sale did not extinguish its deed of trust.

U.S. Bank's complaint asserts claims to quiet title, for breach of a duty of good faith imposed by Nevada Revised Statutes ("NRS") § 116.1113, injunctive relief, wrongful foreclosure, and to set aside the foreclosure sale as violative of due process. Woodchase moves to dismiss all of U.S. Bank's claims. Edington joins in Woodchase's motion.

I deny the portion of Woodchase's motion to dismiss addressing the quiet title claim because U.S. Bank may bring an action to determine adverse interests in property, not just competing claims to title. I dismiss U.S. Bank's bad faith claim and portions of its wrongful foreclosure claim because those claims must first be mediated under NRS § 38.310. However, I do not, at this time, dismiss U.S. Bank's wrongful foreclosure claim based on an alleged violation

of the automatic bankruptcy stay. Instead, U.S. Bank must show cause why this issue should not first be presented to the bankruptcy court. I dismiss U.S. Bank's request for injunctive relief to the extent it is listed as a separate cause of action; I will not determine whether U.S. Bank is entitled to injunctive relief on its quiet title claim unless and until a motion for such relief is filed.

Additionally, I dismiss portions of U.S. Bank's due process claim because NRS Chapter 116 does not require lenders to opt in to receive notice and because the statute provides adequate notice and opportunities to be heard. However, Woodchase's motion did not address the allegation that U.S. Bank's due process rights were violated because Woodchase did not inform U.S. Bank's predecessor that its prior tender of payment did not extinguish the super priority lien and that its deed of trust was still in jeopardy. Therefore, that portion of U.S. Bank's due process claim remains pending.

**I. BACKGROUND**

In January 2007, Julie Rexwinkel obtained a loan in the amount of $124,000.00 from Bank of America that was secured by a deed of trust encumbering the property. ECF No. 17-2. The deed of trust was assigned to U.S. Bank in 2010. ECF No. 27-2.

Rexwinkel did not pay her HOA dues, so Woodchase filed a notice of delinquent assessment lien on May 24, 2010. ECF No. 27-3. Woodchase then filed a notice of default and election to sell. ECF No. 27-4. According to U.S. Bank, its predecessor, Bank of America, paid Woodchase $3,649.31 to satisfy the HOA lien. ECF No. 1 at 5. Woodchase thereafter rescinded its notice of delinquent assessment lien. ECF No. 27-5. About a month later, Rexwinkel filed for bankruptcy. ECF No. 30-1.

Rexwinkel again failed to pay her HOA dues, and thus Woodchase recorded another notice of delinquent assessment lien on November 1, 2013. ECF No. 27-6. Woodchase recorded a notice of default and election to sell on January 13, 2014. ECF No. 27-7. On June 13, 2014, Woodchase recorded a notice of sale, setting the sale date for July 23, 2014. ECF No. 27-8. Woodchase purchased the property at the HOA foreclosure sale for $1,737.00. ECF No. 27-9. In March 2015, Woodchase recorded a corrected deed to attach a previously omitted exhibit which

1  describes the property. ECF No. 17-4.  Woodchase thereafter quitclaimed the property to
2  Edington. ECF No. 27-10.

3  **II.  ANALYSIS**

4  In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken
5  as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v.*
6  *Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  However, I do not necessarily
7  assume the truth of legal conclusions merely because they are cast in the form of factual
8  allegations in the plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-
9  55 (9th Cir. 1994).  A plaintiff must make sufficient factual allegations to establish a plausible
10 entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations
11 must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a
12 cause of action." *Id.* at 555.

13 **A.  Quiet Title (Count One)**

14 In count one of the complaint, U.S. Bank seeks to quiet title and for a declaration that the
15 HOA sale did not extinguish the deed of trust.  U.S. Bank contends the HOA sale did not
16 extinguish the deed of trust because Bank of America previously tendered the super priority
17 amount, the sale was commercially unreasonable, and the sale violated the automatic bankruptcy
18 stay.  Woodchase moves to dismiss U.S. Bank's quiet title claim, arguing that U.S. Bank is only a
19 lienholder who cannot quiet title in itself.  U.S. Bank responds that its quiet title claim should not
20 be dismissed because such a claim may include adverse interests in land.

21 Under Nevada law, any person may bring a claim against others "who claim[] an estate or
22 interest in real property, adverse to the person bringing the action, for the purpose of determining
23 such adverse claim." Nev. Rev. Stat. § 40.010.  Thus, although claims of this type are commonly
24 referred to as "quiet title" claims, the statute covers disputes over adverse interests in real
25 property, not just title disputes.  I therefore deny the motion to dismiss the quiet title claim on this
26 basis.

27 / / / /

28

**B. Bad Faith (Count Two) and Wrongful Foreclosure (Count Five)**

In count two, U.S. Bank alleges Woodchase acted in bad faith by not complying with the covenants, conditions, and restrictions ("CC&Rs") on the property that contained a mortgage protection clause. In count five, U.S. Bank alleges wrongful foreclosure.

As more fully explained in *Nationstar Mortgage, LLC v. Sundance Homeowners Association*, these claims generally are subject to dismissal because they have not been submitted to mandatory alternative dispute resolution as required under NRS § 38.310 and *McKnight Family, L.L.P. v. Adept Management Services, Inc.*, 310 P.3d 555, 558 (Nev. 2013) (en banc). Case No. 2:15-cv-01310-APG-GWF, 2016 WL 1259391, at *3-5 (D. Nev. Mar. 30, 2016). U.S. Bank argues that § 38.310 cannot affect this court's subject matter jurisdiction, but § 38.310 "is not a jurisdictional statute; it is an exhaustion statute that creates prerequisites for filing certain state-law claims." *Carrington Mortg. Servs., LLC, v. Absolute Bus. Sols., LLC*, No. 2:15-cv-01862-JAD-PAL, 2016 WL 1465339, at *3 (D. Nev. Apr. 14, 2016). Additionally, as interpreted by the Supreme Court of Nevada, § 38.310 applies to not only the HOA's CC&Rs but also to laws "contain[ing] conditions and restrictions applicable to residential property," and I am bound to apply that court's interpretation of a Nevada statute. *McKnight Family, L.L.P.*, 310 P.3d at 558; *see also Carrington Mortg. Servs., LLC*, 2016 WL 1465339 at *3-4.

U.S. Bank's bad faith claim rests on the allegation that Woodchase violated a mortgage protection clause contained within its CC&Rs. ECF No. 1 at 10. This claim therefore must be dismissed because it is based on the interpretation and enforcement of Woodchase's CC&Rs. The resolution of Woodchase's bad faith claim requires an interpretation of the alleged mortgage protection clause contained within Woodchase's CC&Rs. Additionally, the Supreme Court of Nevada has determined that claims under § 116.1113 are "civil actions" within § 38.310's scope because such claims "require[] the district court to interpret regulations and statutes that contain[] conditions and restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d 558. I therefore dismiss this claim pursuant to § 38.310.

////

1     All but one of U.S. Bank's allegations supporting its wrongful foreclosure claim also must
2  be dismissed under § 38.310.  This claim alleges the HOA foreclosure was wrongful because: (1)
3  Woodchase failed to give adequate notice and an opportunity to cure the deficiency; (2) Bank of
4  America had satisfied the super priority amount so there was no default that would allow
5  foreclosure of a super priority lien to extinguish the deed of trust; (3) the HOA foreclosure sale
6  was commercially unreasonable; (4) Woodchase violated the good faith duty in NRS § 116.1113;
7  (5) Woodchase failed to comply with Chapter 116's requirements; and (6) Woodchase's sale
8  violated the automatic bankruptcy stay. ECF No. 1 at 15.

9     For the same reasons as the bad faith claim, the allegations that Woodchase acted in bad
10 faith must be dismissed. Additionally, U.S. Bank's allegation that there was no default at the time
11 of the sale must be dismissed because it relates to the interpretation or enforcement of
12 Woodchase's CC&Rs.  To resolve whether a default existed, it will be necessary to interpret
13 Woodchase's CC&Rs to determine the super priority amount and whether payment was properly
14 applied to that amount.

15     Additionally, the allegations that the foreclosure was wrongful because (1) Woodchase
16 failed to give proper notice or cure, (2) the HOA sale was commercially unreasonable, and (3)
17 Woodchase failed to comply with Chapter 116 challenge the HOA's enforcement of its lien
18 through Chapter 116.  As *McKnight* held, "[w]rongful foreclosure is a civil action subject to NRS
19 38.310's requirements because deciding a wrongful foreclosure claim against a homeowners'
20 association involves interpreting covenants, conditions, or restrictions applicable to residential
21 property." 310 P.3d at 559.  These aspects of U.S. Bank's wrongful foreclosure claim therefore
22 are dismissed under NRS § 38.310.
23 However, U.S. Bank's allegation that Woodchase violated the automatic bankruptcy stay is not
24 subject to dismissal under § 38.310.  Resolving this allegation will not involve the interpretation,
25 application, or enforcement of Woodchase's CC&R's or regulations and statutes that contain
26 conditions and restrictions applicable to residential property.  Rather, it will involve determining
27
28

whether the HOA's foreclosure violated the automatic stay in 11 U.S.C. § 362, a federal law of general applicability.

Although this claim is not subject to dismissal under § 38.310, I will direct U.S. Bank to show cause why this claim should not be presented in the first instance to the bankruptcy court in Rexwinkel's bankruptcy proceedings rather than in this action, particularly where the bankruptcy court entered an order that appears to retroactively modify the automatic stay to allow the sale. *In re Julie L. Rexwinkel & Jeffrey C. Howell*, 10-53657-gwz, ECF No. 69.

### C. Injunctive Relief (Count Three)

In count three of the complaint, U.S. Bank seeks injunctive relief prohibiting Edington from further transferring the property pending resolution of the parties' respective rights in the property. Woodchase moves to dismiss this "claim," arguing that because U.S. Bank was only a lienholder, its only interest is being paid the amount owed on the loan. Woodchase thus contends U.S. Bank may be made whole by the award of money damages, thus resort to injunctive relief is unnecessary.

Injunctive relief is a remedy, not a separate claim for relief. *Fusco v. Tropicana Las Vegas, Inc.*, No. 2:13-CV-01723-APG-NJK, 2014 WL 4843677, at *3 (D. Nev. Sept. 26, 2014). I therefore dismiss it as a separate cause of action. However, U.S. Bank may seek injunctive relief for any claim that survives dismissal. If and when that occurs, I will address the propriety of the requested relief.

### D. Due Process (Count Four)

In count four, U.S. Bank requests I set aside the HOA sale because NRS Chapter 116 on its face violates due process because it does not provide adequate notice and opportunities to be heard. Count four also alleges that the HOA sale violates U.S. Bank's due process rights as applied because Woodchase did not inform U.S. Bank's predecessor that its prior payment of the super priority lien did not redeem the deed of trust's priority status.

Woodchase argues U.S. Bank's due process arguments should be dismissed because the Supreme Court of Nevada already ruled that the statute requires notice to lenders and does not

1  violate due process.  Woodchase also argues that court already determined that the notices do not
2  need to include the super priority amount.  U.S. Bank responds that Chapter 116 is facially
3  unconstitutional because it requires lenders to "opt in" to receive notice of the HOA's non-
4  judicial foreclosure sale and because it does not provide adequate procedures for notice and an
5  opportunity to be heard.

6  For the reasons more fully explained in *Las Vegas Development Group, LLC v. Yfantis*, ---
7  F. Supp. 3d ----, No. 2:15-cv-01127-APG-CWH, 2016 WL 1248693, at *3-6 (D. Nev. Mar. 24,
8  2016) and *Nationstar Mortgage LLC v. Amber Hills II Homeowners Association*, No. 2:15-cv-
9  01433-APG-CWH, 2016 WL 1298108, at *6-9 (D. Nev. Mar. 31, 2016), I grant Woodchase's
10 motion to dismiss the due process allegations.  U.S. Bank was not required to opt in to receive
11 notice and Chapter 116 provides adequate notice and opportunity to be heard.

12 However, Woodchase's motion did not address the allegation that U.S. Bank's due
13 process rights were violated because Woodchase did not inform Bank of America that the prior
14 tender of payment did not redeem the deed of trust's priority position.  That portion of U.S.
15 Bank's due process claim therefore remains pending.

16 **E.  Leave to Amend**

17 U.S. Bank requests leave to amend should I dismiss any of its claims.  I will not preclude
18 U.S. Bank from filing a motion to amend but any proposed amendment must be consistent with
19 the rulings in this Order.

20 **III. CONCLUSION**

21 IT IS THEREFORE ORDERED that defendant Woodchase Condominium Homeowners
22 Association's motion to dismiss **(ECF No. 17) is GRANTED in part and DENIED in part**.  I
23 dismiss counts two, three, four (except for the portion resting on the allegation of prior tender),
24 and five (except for the allegation that the HOA sale violated the automatic bankruptcy stay).

25 IT IS FURTHER ORDERED that that on or before May 20, 2016, plaintiff U.S. Bank
26 shall show cause in writing why its wrongful foreclosure claim based on the allegation that the
27 HOA sale violated the automatic bankruptcy stay should not first be presented to the bankruptcy
28

court in debtor Julie Rexwinkel's bankruptcy proceedings.  If U.S. Bank does not file a response to this Order by that date, the remainder of its wrongful foreclosure claim will be dismissed.

      IT IS FURTHER ORDERED that defendant Woodchase Condominium Homeowners Association shall file a reply to U.S. Bank's response on or before June 3, 2016.

      DATED this 29th day of April, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE